IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NATHAN J. WHITTEN, | |
| Plaintiff, | |
| | 8:25-CV-188 |
| vs. | |
| WILLOW LAKES/55TH FORCE SUPPORT SQUADRON, | MEMORANDUM AND ORDER |
| Defendant. | |

The *pro se* plaintiff, Nathan J. Whitten, sued the defendant, a golf course operated by the United States Air Force, in small claims court in Sarpy County. The government removed this case (filing 1) and now moves to dismiss (filing 9) for lack of subject matter jurisdiction. The motion will be granted.

I. STANDARD OF REVIEW

Rule 12(b)(1) motions can be decided in three ways: at the pleading stage, like a Rule 12(b)(6) motion; on undisputed facts, like a summary judgment motion; and on disputed facts. *Jessie v. Potter*, 516 F.3d 709, 712 (8th Cir. 2008). The party asserting subject matter jurisdiction bears the burden of proof. *Great Rivers Habitat All. v. Fed. Emergency Mgmt. Agency,* 615 F.3d 985, 988 (8th Cir. 2010). A court deciding a motion under Rule 12(b)(1) must distinguish between a "facial attack" and a "factual attack." *Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914 (8th Cir. 2015). In a factual attack, the existence of subject matter jurisdiction is challenged in fact, irrespective of the pleadings, and matters outside the pleadings, such as

testimony and affidavits, may be considered. *Id*. The nonmoving party does not enjoy the benefit of the allegations in its pleadings being accepted as true by the reviewing court. *Id*.

The government is making a factual attack. It provided evidence in support of its motion. Filing 9. The government mailed its motion, brief, and evidence to the plaintiff at his address. Filing 11. The plaintiff did not respond to the motion and did not provide any evidence to contradict the government's. Failure to file an opposing brief is not considered a confession of a motion, but precludes the opposing party from contesting the moving party's statement of facts. NECivR 7.1(b)(1)(C).

## II. DISCUSSION

The facts of this case are brief: The plaintiff alleges that in August 2024, he visited the Willow Lakes Golf Course on the Offutt Air Force Base in Bellevue, Nebraska. *See* filing 1-1 at 1. He alleges an employee for the golf course took his phone number "and entered it into SEVERAL online insurance marketplaces with the sole intention of annoying [him]." Filing 1-1 at 1. The plaintiff alleges he has received "an obnoxious amount of contact from unwanted insurance market solicitors." Filing 1-1 at 1.

The plaintiff is suing a golf course operated by the United States Air Force, a part of the federal government. A citizen may only sue the federal government if the government has consented to the lawsuit by waiving its sovereign immunity. *Great Rivers*, 615 F.3d at 988. The Federal Torts Claim Act (FTCA) waives sovereign immunity for alleged torts committed by federal employees acting in the scope of their employment, though only if certain requirements are met. *See* 28 U.S.C. § 2675; *Brown v. Armstrong*, 949 F.2d 1007, 1013 (8th Cir. 1991). Federal district courts possess exclusive jurisdiction of such claims. *Mader v. United States*, 654 F.3d 794, 807 (8th Cir. 2011).

The government construes the plaintiff's complaint as alleging a tort claim against the golf course. Filing 10 at 4. Liberally construing the plaintiff's complaint, *see* Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004), the Court agrees. The facts alleged assert that the employee inflicted emotional distress on the plaintiff, a tort recognized by the FTCA. *See* Brandon ex rel. Est. of Brandon v. Cnty. of Richardson, 624 N.W.2d 604 (2001); Gross v. United States, 676 F.2d 295, 304 (8th Cir. 1982). Alternatively, the complaint alleges that the plaintiff suffered an invasion of privacy, also recognized by the FTCA. *See* Whipps Land & Cattle Co. v. Level 3 Comms., LLC, 658 N.W.2d 258, 269-70 (Neb. 2003) ("continuance of frequent telephone solicitations" is an example of invasion of privacy); Raz v. United States, 343 F.3d 945, 948 (8th Cir. 2003).

To recover against the government for emotional distress or invasion of privacy, a person must first exhaust his administrative remedies under the FTCA. Knowles v. United States, 91 F.3d 1147, 1150 (8th Cir. 1996). That is, he must present the claim to the appropriate federal agency and have the claim denied. § 2675(a). The government retains its sovereign immunity if a plaintiff fails to exhaust his administrative remedies. *Mader,* 654 F.3d at 808.

The plaintiff did not respond to the government's evidence, so it is undisputed that the plaintiff failed to present his tort claim to the Air Force before filing suit in Nebraska state court. Filing 9-1. The plaintiff's failure to comply with § 2675(a) warrants dismissal for lack of subject matter jurisdiction. *Mader,* 654 F.3d at 808. Accordingly,

IT IS ORDERED:

1. The government's motion to dismiss (filing 8) is granted.

2. The plaintiff's complaint is dismissed in its entirety, without

    prejudice.

3.    A separate judgment will be entered.

Dated this 16th day of June, 2025.

BY THE COURT:

*John M. Gerrard* (signature)

John M. Gerrard<br>
Senior United States District Judge

4